FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED T. FRASER, <br> a Massachusetts resident, et al. <br> <br> Plaintiffs, <br> v. <br> <br> GORTON'S INC., <br> A Delaware corporation, et al., <br> <br> Defendants | No. <br> <br> **COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF** |

**FOR VIOLATION OF 15 USC 1114; 15 USC1125(a); 15 USC 1125(c); 15 USC 1125(d); MGL c.93A ET SEQ AND RELATED CLAIMS; JURY DEMANDED**

Plaintiffs, by way of Complaint against Defendants, allege as follows:

**I. PARTIES**

1.1   Plaintiff Alfred T. Fraser is a partial assignee of the Trademark "Seafood Temptations" which is used by Fraser Seafoods Corporation ("Fraser Seafoods") a Massachusetts corporation doing business in Massachusetts, and elsewhere, selling seafood products, such as shrimp, aquatic fish, shellfish and other seafood used for food, and other products. Fraser Seafoods is an owner of the US registered Trademark "Seafood Temptations" for Food Products, primarily seafood. Plaintiff also conducts business selling seafood products by means of Internet websites known as http://www.fraserseafoods.com and www.fraserseafoods.com/sea-tempt2.htm.

**COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED**

1.2   Plaintiff Paul Fraser is a partial assignee of the Trademark "Seafood Temptations"

1.3   Plaintiff George Kersey is a partial assignee of the Trademark "Seafood Temptations" and the attorney for Fraser Seafoods, as an Attorney at Law of New York

1.4   Defendant Gorton's Inc. is a Delaware Corporation with its principal place of business at 128 ROGERS ST., GLOUCESTER, MA 01930

1.5   Defendant High Liner Foods (USA) Incorporated is a Delaware corporation 1957 with its principal office at 1 High Liner Ave., Portsmouth NH 03801 and an office in Danvers, MA.

1.6   Defendants Pinnacle Foods Corporation, Pinnacle Foods Group, Inc. and Pinnacle Foods Group LLC are Delaware corporation with their principal office at ONE OLD BLOOMFIELD AVE., MOUNTAIN LAKES, NJ 07046 and an office in Cherry Hill, NJ

1.7   Defendant United Natural Foods Inc., also known as Natural Sea Natural Food Systems, is a Delaware corporation with its principal office at 313 IRON HORSE WAY, PROVIDENCE, RI 02908-5637 and an office in Dayville, Connecticut 06241.

1.8   Defendant National Fish & Seafood, Inc. is a Massachusetts corporation with its principal office at 11-15 PARKER ST., GLOUCESTER, MA 01930.

1.9   Defendant Con Agra Foods, Inc. is a Delaware corporation with its principal office at ONE CONAGRA DRIVE, 1-237, OMAHA, NE 68102-5001 and an office in Tampa, Florida.

1.10  Defendant Roche Bros. Inc., Roche Bros. Supermarkets Co. and Roche Bros. Supermarkets, LLC are Massachusetts corporations with their principal office at 70 HASTINGS STREET, WELLESLEY HILLS, MA 02481.

1.11  Defendant Good Harbor Fillet Company LLC is a Delaware Corporation with its principal office at 21 GREAT REPUBLIC DR., GLOUCESTER, MA 01930 .

1.12  Defendant Midship Seafood, Inc. was acquired by Defendant Good Harbor Fillet in 1998.

Said Defendants do business in the State of Massachusetts and elsewhere including but not limited to business conducted by means of an interactive Internet website at which said Defendants offer and sell seafood and other products.

**COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED**

1.13   Defendants Victor H. Polk, Jr., Lawrence T. Stanley, Jr., BINGHAM MCCUTCHEN LLP oft Boston, MA are attorneys for Defendant CONAGRA FOODS, INC.,

1.14   Defendants William R. Moorman, Jr. and CRAIG AND MACAULEY of BOSTON. MASSACHUSETTS are attorneys for Good Harbor and Midship

1.15   Defendants Joan M. Griffin, Corey Salsberg, McDermott Will & Emery, LLP of are attorneys for GORTON'S, INC.

1.16   Defendants Charles S. Beal , Cameron & Mittleman of Providence, RI are attorneys for United Natural Foods, Inc. ("UNFI") AKA Natural Sea (trade name used by UNFI)

1.17   Defendants, Charles A. Bieneman, Michael B. Stewart, Rader, Fishman & Grauer PLLC of Bloomfield Hills, MI and Roy J. Coleman, Kirk Teska, Iandiorio & Teska are Attorneys for Defendant Pinnacle Foods Group LLC.

1.18   Defendants Sheryl A. Koval GOODWIN PROCTER LLP of Boston, MA 02109 and Ira Jay Levy of New York, NY are Attorneys for Defendant High Liner

1.20   Defendant Rya W. Zobel in her non-judicial capacity, Boston, MA

Said individual Defendants conspired to deprive the Frasers of their rights under the Constitution and the laws.

## II. JURISDICTION AND VENUE

2.1   Plaintiff realleges all preceding allegations.

2.2   This is an action for violation of 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d) and for related claims including claims under the State of Massachusetts Unfair Business Practices-Consumer Protection Act, 93A et. seq. Plaintiff further alleges that Defendants engaged in a civil conspiracy against Plaintiff and other competitors of Defendants. The course, scope and furtherance of said conspiracy involved the acts and conduct hereinafter alleged.

2.3   This court has jurisdiction of this action under 15 USC 1121 and 28 USC 1131, 1338 and 1367.

2.4   Venue is proper in this district under 28 USC 1391.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED

### III. JURY DEMAND

3.1   Plaintiff demands a jury for all issues in this case triable as such.

### IV. OPERATIVE FACTS

4.1   Plaintiff realleges all preceding allegations.

4.2   Plaintiff has for many years maintained successful websites as adjuncts to its in-store business in Boston, Massachusetts. Plaintiff's websites feature a wide variety of fish products which may be purchased by customers directly over the Internet.

4.3   Plaintiff has, with the development of its websites, expended considerable sums of money as well as the time and effort of employees and agents of Plaintiff. Development of the websites has involved creation of attractive displays and product descriptions. The displays of products include text, graphics, and photographs, all of which operate to present Plaintiff's products in a favorable and desirable light so as to promote sales of those products to customers.

4.4   As part of Plaintiff's Internet sales, Plaintiff initiated a website utilizing the trademark SEAFOOD TEMPTATIONS. Plaintiff then registered SEAFOOD TEMPTATIONS with the United States Patent and Trademark Office. Plaintiff has continuously used said mark in connection with its Business and the federal registration is in good standing.

4.5   Defendants' Internet websites offer for sale items that are similar and in many cases identical to those offered for sale by Plaintiffs.

4.6   Defendants' Internet websites, are sophisticated and fully interactive sites that allow customers to view items for sale by Defendants, purchase them and arrange for their payment and delivery all through the website.

4.7   Plaintiff has discovered that Defendants copied from Plaintiff's websites for use on their websites, numerous visual images produced by Plaintiff Thereafter additional copying of visual images and text from Plaintiff's website, including graphics, visual images, photographs and text, Plaintiff filed suit against Defendants direct persons to their website and misrepresent the nature, characteristics, qualities and/or geographic origin of Defendants goods, services and commercial activities.

4.12   Defendants have willfully infringed upon and diluted Plaintiff's trademark which mark is distinctive and famous within the meaning of 15 USC 1125(c).

COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR
VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d);
RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED

4.13   The registration of the domain name by a Defendant b is cyberpiracy proscribed by 15 USC 1125(d).

4.14   The conduct of the Defendants has occurred in, continues to occur in and has caused damage to Plaintiff in this District and elsewhere.

4.15   In addition to the registration of the domain name SHRIMP TEMPTATIONS by Defendant Gortons, Defendants have in the course, scope, and furtherance of their civil conspiracy registered domain names utilizing the trade and business names of other competitors of Defendants.

4.16   Defendants have additionally registered other domain names utilizing the business name and trademark of Plaintiffs.

**V. FIRST CLAIM FOR RELIEF – VIOLATION OF 15 USC 1114**

5.1   Plaintiff realleges all preceding allegations.

5.2   Defendants' registration and use of the domain name SHRIMP TEMPATATIONS and their linkage of it to Defendants' website is a violation of 15 USC 1114(1)(a) in that the Defendants have without the consent of PlaintiffS who are the registrants of the trademark SEAFOOD TEMPATATIONS, used in commerce a reproduction, counterfeit, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution or advertising of goods and services provided by Defendants. Defendants have used the imitation in such a manner as is likely to cause confusion, mistake, or deceive.

5.3   Defendants' registration and use of the domain name SHRIMP TEMPTATIONS and their linkage of it to Defendants' website is a violation of 15 USC 1114(1)(b) in that Defendants have, without the consent of Plaintiff who is the registrant of the trademark , used in commerce a counterfeit, copy, or colorable imitation of the registered mark of Plaintiff and applied such counterfeit, copy, or colorable imitation to advertisements intended to be used in commerce, in connection with the sale, offering for sale, distribution or advertising of goods or services. Defendants have used the imitation SHRIMP TEMPTATIONS in such a manner as is likely to cause confusion, mistake or to deceive.

5.4   Defendants acts as aforesaid were committed with knowledge that the imitation was intended to be used to cause confusion, mistake or to deceive.

5.5   Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally pursuant to 15 USC 1117. Damages recoverable are three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees

COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR
VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d);
RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED

or in the alternative, damages in such sum as the court may find to be just according to the circumstances of the case, or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed one million dollars ($1,000,000.00).

## VI. SECOND CLAIM FOR RELIEF – VIOLATION 15 USC 1125(a)

6.1    Plaintiff realleges all preceding allegations.

6.2    Defendants have violated 15 USC 1125(a) in that they have on or in connection with Defendants' goods or services, used the name SHRIMP TEMPTATIONS which represents a false destination of origin, false or misleading description and/or a misrepresentation of fact likely to cause confusion, mistake or deceive as to the affiliation, connection or association of Defendants with Plaintiff or which is likely to cause confusion, mistake or deceive as to whether Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants.

6.3    Defendants have similarly violated 15 USC 1125(a) in that their commercial advertising or promotion using SHRIMP TEMPTATIONS misrepresents the nature, characteristics, qualities, and/or geographic origin of their goods, services, or commercial activities.

6.4    Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages include, the actual damages sustained by the Plaintiff, the Defendants profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recovery damages in such sums as the court may find justaccording to the circumstances of the case.

## VII. THIRD CLAIM FOR RELIEF-VIOLATION OF 15 USC 1125(c)

7.1    Plaintiff realleges all preceding allegations.

7.2    Defendants' use of the domain name SHRIMP TEMPTATIONS has caused and continues to cause dilution of the distinctive quality of Plaintiff's mark, . Defendants use of SHRIMP TEMPTATIONS is a violation of 15 USC 1125(c), Plaintiff's mark being distinctive and famous within the meaning of the statute and Defendants' use of SHRIMP TEMPTATIONS in commerce having begun after Plaintiff's mark became distinctive and famous.

7.3    Defendants willfully intended to trade on Plaintiff's reputation and/or cause dilution of Plaintiff's mark by their registration and use of the domain name SHRIMP TEMPTATIONS.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR
VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d);
RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED

7.4   Plaintiff is entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally, pursuant to 15 USC 1117(a). Damages recoverable are actual damages sustained by the Plaintiff, the Defendants' profits, and the costs of the action together with Plaintiff's reasonable attorney fees. In the alternative, Plaintiff is entitled to recover damages in such sum as the court may find just according to the circumstances of the case.

## VIII. FOURTH CLAIM FOR RELIEF-VIOLATION OF 15 USC 1125(d)

8.1   Plaintiff realleges all preceding allegations.

8.2   Defendant, as registrant of the domain name SHRIMP TEMPTATIONS has violated 15 USC 1125(d) in that Defendant has demonstrated a bad faith intent to profit from Plaintiff's mark and has registered and used a domain name, namely, SHRIMP TEMPTATIONS, that is identical or confusingly similar to Plaintiff's mark and/or dilutive of that mark.

8.3   Said Defendant's bad faith cyberpiracy entitles Plaintiff to an order of the court directing forfeiture and/or cancellation of the domain name SHRIMP TEMPTATIONS or the transfer of that domain name to Plaintiff.

8.4   Plaintiff is further entitled to injunctive relief under 15 USC 1116 and recovery of damages from Defendants jointly and severally pursuant to 15 USC 1117. Damages include three times the actual damages sustained by Plaintiff, Defendants profits and the costs of the action, together with Plaintiff's attorney fees or in the alternative, such sum as the court may find to be just according to the circumstances of the case or in the alternative, at the election of Plaintiff, statutory damages in an amount not to exceed one hundred thousand dollars ($100,000.00).

## IX. FIFTH CLAIM FOR RELIEF-VIOLATION OF MGLc. 93A ET SEQ

9.1   Plaintiff realleges all preceding allegations.

9.2   Defendants' conduct in registering and using the domain name SHRIMP TEMPTATIONS and other conduct as alleged in the operative facts represents unfair business practices under Massachusetts law for which Defendants are jointly and severally liable for all damages proximately caused to Plaintiff. Plaintiff is further entitled to injunctive relief, treble damages and attorney fees under said law.

## X. SIXTH CLAIM FOR RELIEF-CIVIL CONSPIRACY

10.1   Plaintiff realleges all preceding allegations.

**COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED**

10.2   Defendants entered into a civil conspiracy to unlawfully and unfairly to compete with Plaintiff and deprive Plaintiff of the benefit of Plaintiff's goodwill and reputation and the benefits Plaintiff derives from its registered trademark. Defendants have by their conduct unlawfully traded on the goodwill and reputation of Plaintiff and its trademark and trade name, damaging Plaintiff by way of lost profits and damage to the goodwill and reputation to the Plaintiff, as well as infringement and dilution of Plaintiff's trademark.

10.3   Defendants are jointly and severally liable for damages incurred by Plaintiff in an amount which will be proven at trial. Defendants are further liable for the costs Plaintiff incurs in the prosecution of this action.

WHEREFORE, Plaintiff prays as follows:

1.   That the court enter judgment in favor of Plaintiff against Defendants, jointly and severally, for all damages proximately caused by Defendants and further award Plaintiff its attorney fees and costs incurred in the prosecution of this action.

2.   That the court find that Defendants have violated 15 USC 1114 and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award statutory damages of $1,000,000.00 against Defendants.

3.   That the court find that Defendants have violated 15 USC 1125(a) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

4.   That the court find that Defendants have violated 15 USC 1125 (c) and grant Plaintiff preliminary and permanent injunctive relief together with damages, pursuant to 15 USC 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff its attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 USC 1114; 15 USC 1125(a); 15 USC 1125(c); 15 USC 1125(d); RCW 11.86 ET. SEQ AND RELATED CLAIMS; JURY DEMANDED

5. That the court find that Defendants have violated 15 USC 1125(d) and grant Plaintiff preliminary and permanent injunctive relief; order forfeiture and/or cancellation of the domain name; order damages pursuant to 15 USC 1117(a)(c) consisting of Defendants' profits, any damages sustained by Plaintiff and the cost of the action; said amount to be trebled; that the court award Plaintiff attorney fees; that the court in the alternative award damages in such amount as the court in its discretion shall find to be just; that the court in the alternative, if elected by Plaintiff, award Plaintiff statutory damages of $100,000.00.

6. That the court find that Defendants have violated 93A et seq. and grant Plaintiff preliminary and permanent injunctive relief together with such damages as are proven at trial, said amount to be trebled; and that the court award Plaintiff its attorney fees and costs.

7. That the court find that Defendants engaged in a civil conspiracy and award Plaintiff damages in an amount to be proven at trial together with costs of suit.

8. That the court award such other and further relief as it deems just and equitable in the premises.

DATED this _3rd_ day of _March_.

By: Plaintiff

Jury Demand

**Plaintiff hereby demands a jury trial on all issues that are determinable by jury.**

Alfred T. Fraser, **Plaintiff**

_____
Alfred T. Fraser
78 Fisher Street
Medway, MA  02053
508-533-2914