UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10479-RGS

ALFRED T. FRASER, ET AL.,

v.

GORTON'S INC., ET AL.

MEMORANDUM AND ORDER FOR DISMISSAL
May 31, 2012

STEARNS, D.J.

BACKGROUND

On March 14, 2012, plaintiff Alfred T. Fraser (Alfred), on behalf of himself and his purported co-plaintiffs Paul Fraser (Paul) and George Kersey (George), filed a civil complaint against a multitude of defendants. Alfred alleged, *inter alia*, trademark infringement, cyberpiracy, and civil conspiracy.

On April 20, 2012, this court issued a Memorandum and Order (Docket No. 13) denying Alfred's *in forma pauperis* motion and directing him to pay the $166.66 apportioned filing fee by May 11, 2012. This court also directed co-plaintiffs Paul and George to pay their apportioned share of the filing fee or seek a waiver thereof by filing a Motion for Leave to Proceed *in forma pauperis*. The deadline for complying with these directives concerning the filing fee also was May 11, 2012. Additionally, plaintiffs were directed to file an amended complaint by May 25, 2012 curing the Rule 8 pleading deficiencies by asserting plausible, non-frivolous claims and by delineating the plaintiffs' individual claims versus claims inuring to Fraser Seafoods Corporation. Further, in any amended complaint, plaintiffs were required to join Fraser Seafoods Corporation as an indispensable party pursuant to Rule 19. Finally, this court dismissed all claims against the non-corporate defendants, finding those claims to be frivolous.

Thereafter, on May 11, 2012, instead of paying the filing fee as directed, Alfred filed a Motion to Confirm Waiver of the Filing Fee (Docket No.14) and a Motion for Reconsideration of the denial of his *in forma pauperis* motion (Docket No. 15).  On May 14, 2012, this court denied both motions by Electronic Order, stating:

> ELECTRONIC ORDER entered denying 14 Motion to confirm "waiver of filing fee"; denying 15 Motion for Reconsideration -- Fraser's request for in forma pauperis status was unambiguously DENIED. See Court's April 20, 2012 Order [Docket #13]. The court stated that, based upon his financial disclosures (and the court questioned the completeness of the disclosures), it could not find Fraser unable to pay his apportioned share of the filing fee ($116.66). The court provided Fraser with 21 days to pay the fee. On the date that the fee was due -- May 11, Fraser filed his motions for "confirmation of waiver" [Docket #14] - and for "reconsideration" [Docket #15]. Case number assignment by the Clerk's Office and the non-issuance of summons because of waiver of service by a defendant are unrelated to the case filing fee. As both motions are DENIED, Fraser must pay his $116.66 fee within seven (7) days of this Order - by May 21, 2012 -- or his claims will be dismissed.

Electronic Order dated May 14, 2012.

On May 21, 2012, Alfred filed a pleading entitled "Payment Under Protest of the Apportioned Filing Fee of $ As Ordered By the Court on April 20, 2012" (Docket No. 16).  In that document, Alfred argues that since this case was "filed" in the court without a filing fee,  this means his filing fee obligations have been waived.  Further, he contends that because he is not a "prisoner" he is not required to comply with 28 U.S.C. § 1915(a)(1), *i.e.*, he does not have to submit an affidavit of his finances.  He seeks a refund of his $166.66.

In addition to the document protesting this court's imposition of a filing fee, Alfred filed a Motion for Default Judgment as to All Defendants (Docket No. 17).

Thereafter, on May 29, 2012, Fraser filed an amended complaint (dated May 25, 2012) (Docket No. 18).

DISCUSSION

      I.     The Filing Fee and the Request For a Refund

Alfred's arguments in protest of the filing fee are rejected.  First, his argument that, because this case was assigned a docket number, it has been accepted for filing without any filing fee due, is untenable.  The fact that the Clerk's Office assigned a docket number to this case –  for administrative and/or statistical purposes  -- in no way reasonably could be construed as a waiver of the filing fee.  Alfred's interpretation of 28 U.S.C. § 1914(a) simply is misplaced.

Second, Alfred's argument that he does not have to disclose his finances because he is not a "prisoner" is also untenable and contrary to established law.  The *in forma pauperis* statute uses the word "prisoner," *see* 28 U.S.C § 1915(a)(1), but it is well-recognized that the affidavit requirement applies to all persons seeking *in forma pauperis* status.  *See, e.g., Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (*per curiam*); *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997).  The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error .  *See In re Perry v. Secretary of Hous. & Urban Dev.*, 223 B.R. 167, 169 n.2 (8th Cir. 1998); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

Accordingly, for these reasons Alfred's request for a refund of his $166.66 payment of the apportioned filing fee, as set forth in his "Payment Under Protest of the Apportioned Filing Fee of $ As Ordered By the Court on April 20, 2012" (Docket No. 16) will be DENIED.

      II.     The Motion for Default Judgment As to All Defendants

Alfred's request for a default judgment to enter as to all defendants is unfounded.  First, no Notice of Default has entered against any party.  This is a prerequisite that gives notice to a defendant that a response was overdue.  That process must occur before any default judgment would

be entered by this court.  Second, there is no indication that service of process properly was made on each of the defendants.  Indeed, there could not be proper service of process because <u>no summonses</u> have issued yet.  The court recognizes that Gortons, Inc. has waived service of process; however, because this court had required an "amended complaint" to be filed setting forth plausible claims (and this had not been done at the time the Motion for Default Judgment was filed), Gortons, Inc.-- or for that matter all defendants -- reasonably could not have been expected to file a responsive pleading to a legally deficient complaint.

In short, Alfred's Motion for Default Judgment is premature and without merit.  Accordingly, his Motion for Default Judgment (Docket No. 17) will be <u>DENIED</u>.

### III.   Dismissal of Claims by Paul Fraser and George Kersey

Plaintiffs Paul and George failed to pay their apportioned share of the filing fee by May 11, 2012 as directed.  Accordingly, all claims asserted by Paul and George will be dismissed for failure to comply with an Order of this court and for failure to satisfy the filing fee requirements of the court.[1]  As an additional matter, neither Paul nor George have signed the amended complaint.  The failure to do so after this deficiency was pointed out by the court provides further grounds for dismissal of their claims.[2]

---

[1] The fact that Paul and George may not have received actual notice of the directives of the Memorandum and Order directly from the court does not absolve them of the court's ruling because they did not provide a mailing address to the court.  This court's Local Rules require a litigant to advise the Court of a mailing address in order to receive notice of rulings.  *See* United States District Court for the District of Massachusetts Local Rule 83.5.2(e).

[2] It appears that Paul and George no longer are participating in this action, as reflected by Alfred's amended complaint which identifies Paul and George as "former plaintiffs."  Am. Cpl. at 1, ¶ 1.1.

IV.     Dismissal of This Action in Its Entirety

It is clear Alfred is aware of the directives contained in the Memorandum and Order (Docket No. 13) to file an amended complaint that cured the pleading deficiencies; however, it is also clear that Alfred has chosen to ignore those directives.  In particular, Alfred was directed to join Fraser Seafoods Corporation as a party to this action or to show cause why it should not be joined.  *See id.* at 10-13.  He also was ordered to delineate in his amended complaint his individual claims versus those of the corporation.  Alfred failed to comply with either of those directives.

Further, this court previously dismissed as frivolous all claims by Alfred against the defendant corporations' attorneys and law firms, as well as all claims against Judge Zobel.[3]  In the amended complaint, however, Alfred reasserts those dismissed claims.  Additionally, he now identifies the undersigned as a defendant in this action (purportedly for actions taken in a "non-judicial" capacity) based on a conspiracy to deprive him of his constitutional rights to a jury.  He alleges that "Stearns has sought to [convert] this case to a non-jury case."  Am. Cpl. (Docket No. 18 at 3, ¶2.6; *see* 8, ¶ 10.5).

Finally, with respect to his claims against the corporate defendants, Alfred reiterates his sweeping allegations of a conspiracy, but he fails to set forth those claims in accordance with Rule 8 of the Federal Rules of Civil Procedure as directed.  *See* Memorandum and Order (Docket No. 13 at 13-15).  Again, he asserts legal conclusions without setting forth the necessary underlying factual

---

[3]Alfred alleges that Attorney Joan Griffin held an unauthorized meeting on behalf of the corporate defendants with Judge Zobel concerning dismissal of his patent lawsuit.  He contends a hearing was held and an unsigned transcript containing numerous errors and omissions was produced.  Alfred relied on that transcript in taking further actions in that patent case.  Thus, he contends Judge Zobel deprived him of his due process rights.  In reasserting these claims against Judge Zobel based on conduct that clearly involved actions taken in her judicial capacity, Fraser has ignored this court's discussion concerning the doctrine of absolute judicial immunity.  *See* Memorandum and Order (Docket No. 13 at 16-17).

information that would give the defendants sufficient notice of the grounds upon which liability is based.

In light of all of the above, this court finds that Alfred wilfully has failed to comply with the directives contained in the Memorandum and Order (Docket No.13), and further finds that the amended complaint (Docket No. 18) is legally deficient for the same reasons stated in that prior Memorandum and Order.

V.     Alfred is Enjoined from Filing Without Prior Leave of Court

This court need not afford Alfred any further opportunities, *ad seriatum*, to amend his complaint to set forth plausible claims against the corporate defendants, as this would be an exercise in futility and a waste of the court's scarce judicial resources.  Moreover, Alfred's re-assertion of frivolous claims against judges and lawyers is deemed to constitute an abusive and vexatious litigation practice warranting the imposition of sanctions.[4]

Consequently, this action shall be <u>DISMISSED</u> as a sanction (in addition to dismissal on the merits), and Alfred will be <u>ENJOINED</u> from filing any additional or new claims, cases, complaints, or other documents in this court, in any manner, way or form, that relate directly or indirectly to the claims asserted in Alfred's complaint and amended complaint (including, but not limited to claims of trademark infringement, dilution of Alfred's mark, conspiracy, cyberpiracy), without first

---

[4]Vexatious conduct occurs where a party's actions are "frivolous, unreasonable, or without foundation." *Local 285 Serv. Employees Int'l v. Nontuck Res. Assoc., Inc.*, 64 F.3d 735, 737 (1st Cir. 1995) (internal citations omitted); *accord Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (sanction appropriate when "objectively unreasonable litigation-multiplying conduct continues despite a warning to desist").  Vexatious conduct may be found even in the absence of subjective bad intent, *Local 285 Serv. Employees Int'l*, 64 F.3d at 737.

obtaining the prior written approval of a judge of this Court.[5]   This prohibition will not preclude Alfred from exercising any appeal rights he may have in this matter, nor from filing a timely notice of appeal.   Further, Alfred may file a new action provided that the complaint is filed by a duly-licensed attorney who will represent him in the litigation.

VI.   Certification That Any Appeal Would Not Be Taken in Good Faith

In anticipation that Alfred may seek leave to proceed *in forma pauperis* on appeal, this court finds, and hereby **CERTIFIES** that any appeal by Alfred of the matters contained in this Memorandum and Order would not be taken in good faith.   Such a certification prohibits *in forma pauperis* status on appeal even though Alfred may be indigent.   *See* 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3).

"[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous."   *Ellis v. United States*, 356 U.S. 674 (1958) (*per curiam*); *see Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 208 (D.C. Cir. 1997).   A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   That is the case here.   Thus, for the reasons set forth in the Memorandum and Order (Docket No. 13) and for the reasons stated herein, this court finds that any appeal would not deserve additional judicial attention.

Should Alfred seek to proceed on appeal without prepayment of the appellate filing and

---

[5]Under Rule 11, the court may impose sanctions on an unrepresented party if he or she submits a pleading for an improper purpose or if the claims within it are frivolous or malicious.   *See* Fed. R. Civ. P. 11(b)(1)(2); *Eagle Eye Fishing Corp. v. Department of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of Civil Procedure); *Pronav Charter II, Inc. v. Nolan*, 206 F. Supp. 2d 46, 53 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants) (citation omitted).   Rule 11 exists, in part, to protect defendants and the court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent. *See Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426 (1st Cir. 1992).

docketing fees, he must obtain permission to do so directly from the United States Court of Appeals for the First Circuit (First Circuit).

A copy of this Memorandum and Order shall be transmitted to the First Circuit Clerk's Office.

CONCLUSION

Based on the above, it is hereby Ordered that:

1.   Alfred Fraser's request for a refund of his $166.66 payment of the apportioned filing fee, as set forth in his "Payment Under Protest of the Apportioned Filing Fee of $ As Ordered By the Court on April 20, 2012" (Docket No. 16) is <u>DENIED</u>;

2.   Alfred Fraser's Motion for Default Judgment as to all defendants (Docket No. 17) is <u>DENIED</u>;

3.   All claims of Paul Fraser and George Kersey are <u>DISMISSED</u>;

4.   All claims of Alfred Fraser are <u>DISMISSED</u>;

5.   Alfred Fraser is <u>ENJOINED</u> from filing any additional or new claims, cases, complaints, or other documents in this court, in any manner, way or form, that relate directly or indirectly to the claims asserted in Alfred Fraser's complaint and amended complaint (including, but not limited to claims of trademark infringement, dilution of Alfred Fraser's mark, conspiracy, cyberpiracy), without first obtaining the prior written approval of a judge of this Court; except that a new action may be filed provided Alfred Fraser is represented by a duly-licensed attorney; and

6.   A separate Order of Dismissal shall enter.


SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE