UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALFRED T. FRASER *et al.*<br><br>          Plaintiffs,<br><br>     v.<br><br>GORTON'S, INC., *et al*.<br><br>          Defendants. | No. 12-cv-10479-RGS |

**DEFENDANT GORTON'S, INC.'S MOTION FOR APPEAL BOND**

On July 3, 2012, Plaintiff Alfred Fraser ("Fraser") noticed an appeal of this Court's order dismissing his Complaint and certifying that any appeal would not be in good faith (i.e., frivolous). (D.E. 19). Because it is likely that the First Circuit will find Fraser's appeal frivolous, thus meriting sanctions, Defendant Gorton's, Inc. ("Gorton's") requests that this Court order Fraser to post a modest bond in the amount of $5,700 to cover a portion of the estimated costs and attorney fees that the First Circuit might award under Federal Rules Appellate Procedure 38 and 39 and First Circuit Local Rules 38.0 and 39.0.

**BACKGROUND**

On March 14, 2012, Fraser, on behalf of himself and purported co-plaintiffs Paul Fraser and George Kersey, filed a *pro se* civil complaint against a litany of defendants, including corporations (including Gorton's), attorneys, law firms, and a judge of this Court, the Hon. Rya W. Zobel (allegedly in her non-judicial capacity). Only Fraser signed the Complaint. He purported to allege claims for, *inter alia*, trademark infringement, ciberpiracy, and civil conspiracy, and sought monetary damages and injunctive relief. This Court, *sua sponte*, determined that the Complaint was deficient under Federal Rule of Civil Procedure 8(a). For example, the Complaint failed to delineate which defendants engaged in what conduct relevant to which claims, and did not allege what Judge Zobel did in her "non-judicial capacity" to sufficiently plead a conspiracy claim.

Fraser is no stranger to this Court. In September 2006, Alfred and Paul Fraser filed a patent infringement action against the same corporate defendants as those named here, with Judge Zobel presiding. *See Fraser v. High Liner Foods, Inc.*, No. 06-11644-RWZ ("*Fraser I*"). They lost that case on summary judgment, and the Court dismissed claims against certain defendants and found that that the remaining defendants had not infringed any of Plaintiffs' patents. *Fraser I* (D.E. 203). In addition, Judge Zobel granted the defendants' motion for sanctions, finding that the case was "plagued by a series of procedural missteps . . . ." *Fraser I* (D.E. No. 169 at 2). The Federal Circuit affirmed, finding that Judge Zobel did not abuse her discretion by sanctioning Alfred and Paul Fraser. *See Fraser v. High Liner Foods*, *et al.,* No. 08-1562 (Fed. Cir. Jul. 8, 2009).

This case has only continued "procedural missteps" from Fraser's last case. On April 20, 2012, this Court issued a series of *sua sponte* rulings against the Plaintiffs. (D.E. 13.)

- First, the Court denied Fraser's motion to proceed *in forma pauperis*. Plaintiffs Paul and George failed to submit financial affidavits required by 28 U.S.C. § 1915(a)(1). In addition, this Court found Fraser could pay his share of the filing fee. Order at 17 (D.E. 13). This Court ordered Fraser to pay the filing fee by May 11, 2012. *Id.* at 19.

- Second, only Fraser signed the original Complaint, rendering it ineffective. The Court warned Fraser that it would dismiss Plaintiffs' claims unless all three plaintiffs signed an Amended Complaint. *Id.* at 10.

- Third, this Court ordered the Plaintiffs to amend their Complaint to add Fraser Seafoods as a Plaintiff (as the purported owner of the relevant trademarks) and to separately plead each Plaintiff's claims and alleged damages. *Id.* at 11.

- Fourth, even considering Fraser's *pro se* status, the Court found that the Complaint failed to meet Rule 8's liberal pleading standard, noting that "it would be a Herculean task to require each of the named defendants to peruse the complaint in its current state in order to determine what legal claims have been asserted against them, and the factual basis underlying each claim." *Id.* at 14. The Court found plaintiffs' claims against the non-corporate defendants equally without merit, and found that judicial immunity barred claims against Judge Zobel. *Id.* at 16.

- Finally, the Court dismissed as frivolous Plaintiffs' conspiracy claims against attorneys, law firms, and Judge Zobel. *Id.* at 8. The Court ordered Plaintiffs to amend the Complaint in accordance with its directives by May 25, 2012. It further warned that Fraser's failure to pay the filing fee and amend the Complaint would result in dismissal.

Despite the Court's admonitions, Fraser paid the filing fee late, on May 21, 2012, and under protest. (D.E. 16). He inexplicably filed a motion for default judgment based on his

original Complaint, ignoring that the Court had ordered him to amend it. (D.E. 17). He then also filed an Amended Complaint on May 29, 2012—after the Court-ordered deadline. (D.E. 18). In filing the Amended Complaint, Fraser regurgitated the same mishmash of allegations to try to support the same claims the Court had dismissed. He failed add join Fraser Seafoods as a plaintiff. His allegations were devoid of factual support. In short, he ignored this Court's orders and filed a Complaint that once again failed to conform to the most liberal pleading standard possible. Accordingly, this Court denied Fraser's motion for a default judgment, dismissed this action, and certified that any appeal would not be taken in good faith. Memorandum and Order at 8 (D.E. 19).

## ARGUMENT

**A.     This Court Should Order An Appeal Bond Because Fraser's Appeal Will Likely Be Frivolous And Merit Sanctions.**

District courts may order an appeal bond to cover costs, including attorneys' fees, where an appeal "might be frivolous and . . . an award of sanctions against plaintiff on appeal [is] a real possibility." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987) (affirming district court's order of appeal bond); s*ee also Int'l Floor Crafts v. Adams*, 656 F. Supp. 2d 240, 241 (D. Mass. 2009) (granting motion for appeal bond where the court was "unaware of any validly appealable issue"), *aff'd on other grounds sub nom. Int'l Floor Crafts, Inc. v. Dziemit*, 420 F. Appx. 6 (1st Cir. 2011); *In re Compact Disc Minimum Advertised Price Antitrust Litig*, 00-01361, 2003 WL 22417252, at *2 (D. Me. Oct. 7, 2003) (ordering appeal bond to cover attorneys' fees where appeal "might be frivolous") (quoting *Sckolnick*, 820 F.2d at 15).

There is good cause to find that Fraser's appeal "might be frivolous." *Scknolnick*, 820 F.2d at 15. The Court has already certified that any appeal would not be taken in good faith. (D.E. 19.) Fraser has systematically failed to comply with this Court's directives. He has also filed multiple complaints that fail to allege any plausible basis for relief, and instead assert "mere conclusory statements" without any factual support. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The complaints fail to set forth the even "minimal facts as to who did what to whom,

when, where, and why." *See Educadores Puetorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Fraser's mishmash of allegations therefore "rise to the level of the irrational or the wholly incredible." *See Denton v. Hernandez*, 504 U.S. 23, 33 (1992). Accordingly, there is more than a "real possibility" that his appeal "might be frivolous." *See Scknolnick*, 820 F.2d at 15; *see also* Memorandum and Order at 7 (D.E. 19) (noting any appeal "lacks an arguable basis either in law or in fact") (quoting *Neitzke v. Williams*, 490 U.S. 319 325 (1989)).

An appeal bond is also necessary to ensure that Gorton's can recover on any future award of fees. Fraser's motion to proceed *in forma pauperis* indicates his likely position that he might be unable to pay a fees award. Fraser's apparent inability to satisfy an award of costs, including fees, thus further warrants the relief Gorton's seeks on this motion.

**B.   The Appeal Should Be Set in the Amount of $5,700**

Gorton's conservatively estimates that the fees and costs it will incur in this latest appeal will exceed $5,500 in fees and $295.38 in costs. Gorton's conservatively estimates that preparing a brief and appearing at oral argument will require more than 15 combined hours by a junior associate and junior partner billing at a blended hourly rate of $366.67. (Kevin M. Bolan Decl. ¶¶4, 6 (Aug. 20, 2012) (Ex. 1).) Gorton's asks the Court to order Fraser to post a bond for $5,700, which understates the costs and fees that its outside counsel have typically incurred in preparing federal appellate briefs and preparing for oral argument in other cases for other clients. This estimate is also conservative because it does not account for the possibility of an award of double costs, as Federal Rule of Appellate Procedure 38 permits. Accordingly, Gorton's requests that this Court require Fraser to post a bond in the amount of $5,700.

## CONCLUSION

For the foregoing reasons, the Court should require Fraser to post an appeal bond in the amount of $5,700 to cover a portion of Gorton's' expected costs on appeal, including attorneys' fees.

Date: August 21, 2012                     Respectfully submitted,

                                          GORTON'S, INC.,

                                          By its attorneys,


                                          /s/ Kevin M. Bolan
                                          Kevin M. Bolan (BBO# 657841)
                                          kbolan@mwe.com
                                          MCDERMOTT WILL & EMERY LLP
                                          28 State Street
                                          Boston, MA 02109-1775
                                          T: 617.535.4000
                                          F: 617.535.3800

                                          *Of counsel*
                                          John J. Dabney
                                          jdabney@mwe.com
                                          MCDERMOTT WILL & EMERY LLP
                                          600 Thirteenth Street, NW
                                          Washington, D.C. 20005
                                          T: 202.756.8000
                                          F: 202.756.8087

## LOCAL RULE 7.1(A)(2) CERTIFICATE OF CONSULTATION

I, Kevin M. Bolan, hereby certify that I conferred with *pro se* Plaintiff Alfred Fraser on August 17, 2012, by email and spoke with him by telephone on August 20, 2012, to attempt in good faith to resolve or narrow the issues presented by this motion.

                                          /s/ Kevin M. Bolan
Dated: August 21, 2012                    Kevin M. Bolan

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 21, 2012, and by mail to Plaintiff Alfred Fraser.

I was unable to provide a copy of this document to Plaintiffs Paul Fraser and George Kersey because they do not appear to have registered as ECF participants and the Complaint does not provide addresses for either of them.

                                          /s/ Kevin M. Bolan
Dated: August 21, 2012                    Kevin M. Bolan